# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Monica Marroquin-Perez, | No. CV-17-00366-PHX-JJT (JFM) |
| Petitioner, | **ORDER** |
| v. | |
| Dana Boente, *et al.*, | |
| Respondents. | |

At issue is the Report and Recommendation ("R&R") (Doc. 17) entered by United States Magistrate Judge James F. Metcalf in this matter on June 17, 2017. In the R&R, Judge Metcalf recommends that the Court dismiss without prejudice the Petition for Writ of Habeas Corpus filed February 15, 2017 (Doc. 1) and deny Petitioner's accompanying request for class certification. The time for Petitioner to object to the R&R has passed and Petitioner has filed no objections. The Court therefore may consider such non-objection as a waiver of Petitioner's right to *de novo* consideration of the issues addressed in the R&R. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*). Nonetheless, the Court has conducted a full *de novo* review of all issues despite counsel's failure to file objections to the R&R, and upon conclusion of that review, will adopt the R&R in part and reject it in part, as set forth below, grant the Petition for Writ of Habeas Corpus, and deny Petitioner's request for class certification.

. . . .

. . . .

**A.    Entitlement of an Alien Held on a Reinstated Order of Removal Pending Withholding-Only Proceedings to any Bond Hearings**

In a thoroughly reasoned passage correctly analyzing the law current as of the filing of the R&R, Judge Metcalf concluded that the status of Petitioner's reinstated Order of Removal was "pending," and therefore governed by 8 U.S.C. § 1226(a), rather than "administratively final," in which case it would be governed by 8 U.S.C. § 1231(a). This determination is significant because an alien detained under Section 1226(a) is entitled to an initial bond hearing, but an alien detained under Section 1331(a) is not so entitled.

At the time Judge Metcalf drafted the R&R, the Ninth Circuit had not squarely addressed the issue of whether a reinstated removal order is administratively final during the pendency of withholding-only proceedings. The Second Circuit, however, had held in *Guerra v. Shanahan* that "ongoing administrative challenges [the withholding-only proceedings] to Petitioner's removal kept his removal order from being 'administratively final.'" 831 F.3d 59, 62 (2d Cir. 2016). Thus, the Second Circuit concluded that Section 1226(a) governed his detention and the alien was entitled to an initial bond hearing. Without Ninth Circuit case law on point and finding the Second Circuit's reasoning in *Guerra* persuasive, Judge Metcalf recommended that this Court adopt it.

During the pendency of the objection period, however, the Ninth Circuit explicitly rejected the Second Circuit's reasoning in *Guerra* and held that an order of removal is administratively final during removal-only immigration proceedings, and therefore Section 1231(a) operates to deny an initial bond hearing. *Padilla-Ramirez v. Bible*, No. 16-35383, 2017 WL 2871513, at *3-5 (9th Cir. July 6, 2017). It is now the law of the circuit that Petitioner's detention is governed by Section 1231(a) and she is thus not entitled to an initial bond determination hearing.

As Judge Metcalf correctly noted, however, even an alien detained under Section 1231(a) becomes entitled to periodic review of bond status when his or her detention is prolonged. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). The Ninth Circuit has

subsequently defined "prolonged" detention in this context as reaching the 180-day mark. *Diouf v. Napolitano* (*Diouf II*), 634 F.3d 1081, 1097 (9th Cir. 2011). And in *Rodriguez v. Robbins*, (*Rodriguez III*), 800 F.3d 1060, 1089 (9th Cir. 2015), the circuit court held that the government must provide continuing hearings not just at the six-month point of detention, but at six month intervals thereafter. In the present case, then, where Petitioner has been detained under Section 1231(a) on a reinstated order of removal for over a year awaiting conclusion of withholding-only proceedings, she would be entitled to bond hearing every six months until removed or released.

Due to the intervening change in Ninth Circuit law, the Court will reject Judge Metcalf's proposed conclusion that Section 1226(a) governs the determination of Petitioner's entitlement to an initial bond hearing, but it adopts Judge Metcalf's recommendation that even under Section 1231(a), Petitioner would be entitled to bond hearings after prolonged detention every six months.

**B.     Exhaustion**

The R&R recommends that the Court should decline to exercise jurisdiction over the Petition because Petitioner has failed to exhaust her administrative remedies. Exhaustion is a prudential rather than a jurisdictional requirement. *Singh v. Holder*, 638 F.3d 1196, 1203 n. 3 (9th Cir. 2011). Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; or (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Even if these factors favor application of the exhaustion requirement, however, waiver of the requirement may nevertheless be appropriate "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citation and quotation marks omitted).

The Court finds that the potential for irreparable harm to Petitioner, in the form of continued unlawful denial of hearings, outweighs any incremental incentive that a waiver of the exhaustion requirement would provide to potential litigants. The Court thus rejects the R&R insofar as it recommends denial of the Petition for failure to exhaust administrative remedies.

### C.     Standing and Class Certification

The Court adopts the R&R insofar as it concludes that the Court should not dismiss the Petition due to lack of standing. At the November 23, 2016 hearing before the Immigration Judge (IJ), the IJ found Petitioner was not entitled to a bond hearing. The IJ went on to state that, if Petitioner was entitled to such hearing, the IJ would deny bond upon a finding that Petitioner was a flight risk. (Doc. 17 at p. 3.) Respondents argue that the IJ's finding in the alternative constitutes a bond determination and thus Petitioner has suffered no harm and has no standing. But as Judge Metcalf correctly observes in the R&R, pursuant to *Rodriguez III*, "Petitioner is entitled to periodic bond hearings, not simply one such hearing." (Id. at p. 12.) Despite being detained under Section 1231(a) for over 15 months, Petitioner has received at most one bond hearing, which occurred more than six months ago. The Court will not deny the Petition for lack of standing.

The Court also adopts the R&R's reasoning and conclusion that it should deny Petitioner's request for class certification. Petitioner fails to meet the adequacy requirement. In the face of contested issues of law raised in the Response to her Petition, Petitioner failed to join the issues by filing a Reply. And she filed to file any objection to the R&R recommending dismissal of her Petition despite having meritorious objections, as the Court has found. This inaction subjected her to summary dismissal pursuant to *Reyna-Tapia*. Only the Court's exercise of discretion to look beyond the waiver of *de novo* review saved the Petition from dismissal. The Court concludes that "[P]laintiff's prosecution of the case to [this] point indicate[s] that [s]he would not be an adequate representative of the class." *Fendler v. Westgate-California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975). The Court therefore will deny class certification.

1    IT IS ORDERED adopting in part, as set forth in detail above, the R&R (Doc. 17)

2  in this matter.

3    IT IS FURTHER ORDERED granting in part and denying in part the Petition for

4  Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(Doc. 1) as follows:

5    1.    The Immigration Court shall conduct a bond determination hearing

6  pursuant to *Rodriguez III* no later than 20 days from the date of issue of this Order.

7    2.    Petitioner's request for class certification is denied.

8    3.    The Clerk of Court must terminate this action and enter judgment

9  accordingly.

10    Dated this 1st day of August, 2017.

11

12

13    Honorable John J. Tuchi
    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -